**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| PAUL R. JAMES, JR.,<br><br>Plaintiff,<br>v.<br><br>OFFICER MIOKOVIC, NURICE MERALICE, AND SERGEANT OLSION,<br><br>Defendants. | Case No. 3:26-cv-00356-SLG |

**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE $405 FILING FEE**

On October 7, 2026, self-represented prisoner Paul R. James, Jr. (Plaintiff) filed a civil complaint, a handwritten motion to proceed *in forma pauperis*, and a Financial Affidavit on Form CJA 23.[1] Plaintiff acknowledges that he has accumulated at least three strikes under 28 U.S.C. § 1915(g), and he invokes the imminent danger exception that would allow him to proceed on his claims without prepaying the full filing fee.[2] However, upon review, Plaintiff's Complaint fails to

[1] Dockets 1-3. Note: The CJA 23 Financial Affidavit Form is not an acceptable substitute for an application to waive the filing fee in a civil case. Prisoner litigants requesting to waive prepayment of the filing fee must file the completed and signed correct application form (District of Alaska Form PS10) and include with that application a statement from their prison trust account for the past six months. Local Civil Rule 3.1(c)(3).

[2] Docket 1 at 6. *See also James v. Seairs, et al.,* Case No. 3:25-cv-00012-SLG, Docket 4 at 16 (notifying Plaintiff he has received three strikes, specifically in Case Nos. 3:22-

demonstrate that he met the imminent danger exception when he filed this action because the asserted imminent danger is not fairly traceable to the alleged unlawful conduct by the Defendants named in this action and the relief requested in the Complaint does not target the source of the alleged danger. Accordingly, Plaintiff must pay the full $405 filing fee if he wishes to proceed with his claims in this case.

## I. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[3] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury.[4] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[5] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[6] Vague, non-specific allegations are insufficient, and

cv-00-JMK, 3:22-cv-00269-JMK, and 3:25-cv-00012-SLG).

[3] 28 U.S.C. § 1915(g).

[4] 28 U.S.C. § 1915(g).

[5] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[6] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if

assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."[7]

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."[8] In deciding whether such a nexus exists, federal courts consider: "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury."[9] A prisoner-plaintiff seeking to invoke the imminent danger exception must meet both requirements of the nexus test to proceed.

## II. Summary of Plaintiff's Complaint

Plaintiff's Complaint alleges that the named Defendants—Officer Miokovic, Nurice Meralice, and Sargent Olsion—engaged in or facilitated a pattern of sexual harassment and proposed or accepted payment arrangements to permit sexual activity with Plaintiff, with allegations spanning from approximately January 2026 to September 8, 2026.[10]

---

the danger existed at the time the prisoner filed the complaint.").

[7] *Andrews,* 493 F.3d at 1057, fn. 11.

[8] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

[9] *Id.* at 700 (emphasis in original).

[10] Docket 1 at 2–5.

Specifically, Plaintiff alleges that from approximately January 2026 to September 2026, Officer Miokovic asserted that she had or desired a romantic or sexual relationship with Plaintiff, and disclosed Plaintiff's statements to her to others in the facility. Plaintiff further alleges that, in or around June 2026, Officer Miokovic proposed paying a supervisor $500,000 to facilitate her sexual activity with Plaintiff.[11]

Plaintiff alleges that Nurice Meralice engaged in ongoing sexual harassment of Plaintiff beginning in January 2026. The alleged conduct includes asking officers to permit her to have sexual contact with Plaintiff in the infirmary and offering bribes for sex using Plaintiff's funds.[12] Plaintiff further alleges that, in June 2026, another officer not named in the Complaint agreed to permit five minutes of sex under the camera, after which Nurse Meralice requested more time for sex.[13]

Lastly, Plaintiff alleges that for approximately nine months in 2026, Sargent Olsion permitted Officer Miokovic to claim a personal relationship with Plaintiff. Plaintiff further alleges that from approximately June through September 2026, Sargent Olsion participated in conversations with Officer Miokovic about payment

---

[11] Docket 1 at 3.

[12] Plaintiff claims that he possesses over $200 million dollars in settlement money that is being held by Goose Creek by court order, and that he is unable to use those funds until all of his legal actions are concluded or until he signs an agreement with Alaska courts. Docket 2 at 1.

[13] Docket 1 at 4.

arrangements intended to facilitate sexual activity with Plaintiff.[14] Plaintiff also appears to claim that he has been put in segregation in retaliation for filing lawsuits and grievances.[15]

Plaintiff asserts he filed multiple Level I grievances at Goose Creek. Attached to the Complaint, Plaintiff included seven DOC memoranda, all dated September 28, 2026, that state that Plaintiff's grievances GC26-351, GC26-352, GC26-365, GC26-366, GC26-367, GC26-368, and GC26-369 were logged and converted to PREA case #26-086.[16]

### III. Plaintiff fails to demonstrate that the imminent danger exception applies

In the Complaint, Plaintiff checked "yes" in response to the question, "[a]re you in imminent danger of serious physical injury."[17] However, Plaintiff's Complaint fails to meet either requirement of the nexus test that would allow him to invoke the imminent danger exception.

Plaintiff's allegations do not satisfy the traceability requirement. Plaintiff's imminent danger narrative asserts a risk of being killed by unidentified "officials," including an alleged plan to pepper spray him until it "causes poison," without tying those threats or planned actions to the specific alleged conduct pled against the

---

[14] Docket 1 at 5.

[15] Docket 1-1 at 1.

[16] Docket 1 at 5; Docket 1-1 at 1–7.

[17] Docket 1 at 7.

three Defendants named in the Complaint.[18]

Plaintiff's allegations of imminent harm likewise fail to establish redressability. The nexus test requires that a favorable judicial outcome would redress the alleged imminent danger of serious physical injury. Plaintiff seeks $175,000 in damages, $250,000 in punitive damages, an order requiring that Defendants be "summoned," and a declaration that no Defendant remain unserved and that Defendants be tried.[19] He does not request injunctive or other relief directed at preventing the alleged life-threatening harm described in his imminent danger narrative; nor does he explain how the monetary and other relief he seeks from the named Defendants would abate that danger. Plaintiff therefore has not established that a favorable outcome on the claims asserted in the Complaint would redress the alleged imminent injury.

Because Plaintiff has not satisfied either requirement of the nexus test, Plaintiff's Complaint does not plausibly allege that he was in "imminent danger of serious physical injury" at the time he filed his Complaint. "The right to proceed *in forma pauperis* is not an unqualified one. [...] It is a privilege, rather than a right."[20] For the reasons explained above, **Plaintiff's motion to proceed without prepaying the filing fee at Docket 2 is DENIED**. If Plaintiff wishes to proceed

---

[18] Docket 1 at 7.

[19] Docket 1 at 8.

[20] *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted).

with this case, he must pay the full $405.00 filing fee **within 60 days of the date of this order**. The Court will then screen the operative complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Regardless of that outcome, the $405.00 filing fee will not be refunded to Plaintiff. Alternatively, instead of paying the full filing fee at this time, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to proceed without prepaying the filing fee at **Docket 2 is DENIED** because Plaintiff has accumulated at least three strikes, and he has not demonstrated that he qualifies for the imminent danger exception to 28 U.S.C. § 1915's three-strikes provision that would allow him to proceed on his claims without prepaying the full $405.00 filing fee.

2. Plaintiff is accorded **60 days from the date of this order** to either (1) pay the $350 filing fee and $55 administrative fee, a total of $405, or (2) file a Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

3. If Plaintiff fails to pay the full $405 filing fee **within 60 days of the date of this order,** this case will be dismissed without further notice to Plaintiff.

4. The Clerk is directed to send form PS09, Notice of Voluntary Dismissal, to Plaintiff with this order.

DATED this 9th day of October, 2026, at Anchorage, Alaska.

<u>*/s/ Sharon L. Gleason*</u>
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE